FILED
CLERK U.S. DISTRICT COURT
MAY 25 2018
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

ORIGINAL

Doyle Davis/D-87335
CSP-Solano/Level II
P.O. Box #4000/C14-22-1L
Vacaville, CA 95696-4000

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

Shirley McIntire Davis,
Doyle Darnell Davis,
Plaintiffs,

v.

Bryan Dunn, The Cochran Firm,
Al Amer, Lawyer,
Neil Shouse, The Shouse Law Group,
Lawyers, sued in their individual capacities;
Defendants.

Case No.:
CV18-04634-SJO(RAO)

Complaint for Declaratory Relief and Monetary Damages

(42 U.S.C. § 1983
Civil Rights Action)

RECEIVED
CLERK, U.S. DISTRICT COURT
MAY 24 2018
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

**INTRODUCTION**

This is a 1983 action filed by Doyle Darnell Davis, a state prisoner, and Shirley McIntire Davis, plaintiff"s wife, alleging violations of their constitutional rights that are guaranteed by the 6th and 14th Amendment of the United States Constitution to receive effective assistance of counsel. They are seeking injunctive relief, compensatory, and punitive damages. California state prisoner, Doyle Davis, and his wife, Shirley McIntire Davis filed this civil rights action requesting damages and injunctive relief under 42 U.S.C. § 1983.

**JURISDICTION**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1343 (a)(3) in that this action seeks to redress the deprivation, under color of state law, of rights of persons within the jurisdiction of the United States.

2. The plaintiff, Doyle Davis, and his wife, Shirley McIntire

Davis filed a complaint to the State Bar of California concerning the occurances complained of in a timely manner as required by the American Bar association Rules. Per counsel's admittance to the claims of ineffective assistance of counsel he was suspended by the State Bar pertaining to this matter.

**PARTIES**

3. The plaintiff, Doyle Darnell Davis was at all times relevant was confined by the California Department of Corrections and Rehabilitation at Centinela State Prison, California Men's Colony - West Facility, and currently incarcerated at Solano State Prison in Vacaville, CA.. Plaintiff has been incarcerated during the events described in this complaint.

4.Plaintiff, Shirley McIntire Davis at all times relevant resides in North Hollywood, California, and she is the wife of the Plaintiff, Doyle Darnell Davis. Plaintiff has been at the above stated residence during the events described in this complaint.

5. Defendants, Bryant Dunn, and Richard Barnwell of The Cochran Firm are president, and vice president attorneys of The Cochran Firm, which is a private California Law Firm that has been, at all times relevant an employer of the defendant, Attorney, Al Amer. These two attorneys are being sued in their individual capacities.

6. Defendant Attorney, Al Amer who has been at all times relevant was an attorney employed by The Cochran Firm, The Shouse Law Group, and owned his own Law Firm named The Al Amer Law Firm. He is sued in his individual capacity.

7. Defendant, Neil Shouse of The Shouse Law Group. The Shouse Law Group is a private California Law Group which has been, at all times relevant an employer of the defendant, Attorney, Al Amer. The defendant Neil Shouse is being sued in his individual capacity.

## FACTS

8. In the Month of September, 2009, plaintiff, Shirley McIntire Davis contacted the Cochran Firm to get an attorney for her husband, plaintiff, Doyle Darnell Davis. The plaintiff, Doyle Darnell Davis is incarcerated and claims to be innocent of the crime that he is in prison for.

9. The Cochran Firm recommended to plaintiff, Shirley McIntire Davis, and sent plaintiff to the office of their employee, attorney, Al Amer, at the time Bar #197745.

10. Al Amer accepted the case as it had to do with a writ of habeas corpus on actual innocence for plaintiff, Doyle Daivs. The defendant, Al Amer requested that he be paid in cash, and the plaintiff, Shirley McIntire Davis complied, went to the bank and drew out $9,500. She then returned to the Cochran Law Firm and gave the money to defendant, Al Amer. The date of this transaction was in September of 2009.

11. It was in the evening when this transaction took place, and the attorney, Al Amer promised to give the plaintiff, Shirley McIntire Davis a receipt the next day, and have her to sign a retainer agreement.

12. Plaintiff, Shirley McIntire called the Law offices of the Cochran Firm the following day and was told by the defendant, attorney,

Al Amer, that he would not be in his office on that day.

13. In the following weeks plaintiff, Shirley McIntire Davis was given the run around as she continued to call the Cochran Firm trying to locate her attorney, her receipt, and to sign the retainer agreement that was promised to her by defendant, attorney, Al Amer.

14. Plaintiff, Shirley McIntire Davis had given the defendant, Al Amer her husbands paperwork, and information on her husbands case the same time that she gave him the money to take her husband, complainant, Doyle Darnell Davis's case.

15. Defendant, Al Amer, never gave plaintiff, Shirley McIntire Davis a receipt for her money, nor did he have her sign a retainer agreement. Thus, there was no documentation, no receipts, and no cancelled checks to record the transaction between plaintiff and defendant.

16. Plaintiff, Shirley McIntire Davis continued calling the Cochran Law Firm, complaining about the attorney that they directed her to, and they kept giving her the run around concerning defendant, attorney, Al Amer. When she finally got to talk to this attorney he told her that he was going to visit her husband so that he could get the information, and facts so that he could start on his writ.

17. Defendant, attorney, Al Amer visited the plaintiff, Doyle Darnell Davis in the Month of November 2009. He let the plaintiff know that he was his attorney and that he would be filing a writ of habeas corpus on his behalf. Al Amer stated that "The Cochran Firm will be representing you on your writ of habeas corpus, and the Cochran Firm carries a lot of weight."

18. After visiting plaintiff, Doyle D. Davis the defendant went

missing again, and plaintiff, Shirley McIntire Davis continued to call the Cochran Firm concerning this attorney that she hired. After a year of trying to track this attorney down, and ask him what was he doing about her husband's case the Cochran Firm finally admitted that Al Amer no longer worked for them. They did tell her where he was employed. They told her that he was in Orange County working for a Law Group by the name of Shouse Law Group.

19. When plaintiff, Shirley McIntire Davis contacted attorney, Al Amer at the Shouse Law Group, he was shocked, and asked, "How did you find me?"

20. Plaintiff demanded that he explain his actions and why he refused to answer her calls, and her husbands correspondences, and calls. She asked him, "Why do you have total disregard for me, and my husband, and his case after you accepted, and took my money." She told him that she would be contacting his new employer,and the State Bar concerning his actions.

21. Defendant, attorney, Al Amer talked to the plaintiff, Shirley McIntire Davis, and came to the resolution that he would get on her husband's case immediately. He stated that, "In a case such as yours, and your husbands, I generally charge $25,000 and up, but I do special favors for my friends." He told her that she would not have to pay any more money, but that she would have to pay for the investigators.

22. Plaintiff, Shirley McIntire Davis paid a total of $1,500 for the services of the investigators, and when the investigators finished their work by acquiring statements from two witnesses stating that the actual perpetrator of the robbery that her husband is in prison for told them that he actually committed the crime, and a signed confession

from the person who actually committed the crime.

23. The information that was acquired from the witnesses and the actual perpetrator was completed in October of 2011.

24. Defendant, attorney, Al Amer had all of the information for plaintiff, Doyle Davis's case in 2011, and did not file the writ of habeas corpus until April of 2013, as he used the Shouse Law Group as the firm making the claim to the Superior Court of Los Angeles County. This was 18 Months late, and he filed the writ with the Superior Court only, not with the D.A.'s office.

25. Defendant Al Amer neglected to add the two witnesses statements to the writ before he filed it, but he did put the signed confession with the writ.

26. The Superior Court countacted defendant, attorney, Al Amer of the Shouse Law Group, and demanded that he file the writ of habeas corpus with the D.A.'s office but he refused to comply.

27. Plaintiff, Shirley McIntire Davis had to leave the hospital, and file the writ with the D.A.s's office herself to meet the courts deadline.

28. After the writ of habeas corpus was properly filed by plaintiff the respondent was given time to file a response. The respondent filed a response, and again the defendant, attorney, Al Amer of the Shouse Law Group was notified that he had to respond, but all of the court's orders for him to do so were to no avail. He did not respond.

29. The Superior Court denied plaintiff's writ of habeas corpus.

30. Defendant, Al Amer continued to avoid plaintiff and her husband, plaintiff, Doyle Davis. They called, and her husband wrote

letters time and time again, but it was all to no avail. Defendant, Al Amer never answered them.

31. A package arived at plaintiff, Shirley McIntire Davis's home containing her husbands paperwork which was balled up and smashed into an envelope that was too small.

32. Defendant, Al Amer never responded to any of the court's orders, never informed the plaintiffs of the court's request, never relayed nothing that was going on with plaintiff, Doyle Davis's case, and totally neglected to pursue the plaintiff's cause without giving any explaination. He discontinued his representation way before the court's rulings on plaintiff's case were final.

33. When plaintiff, Shirley McIntire called the Shouse Law Group complaining about the bad service that their employee, defendant Al Amer had provided her and her husband, they told her that they had never heard the name of the plaintiff, Doyle Davis before, nor his case of actual innocence.

34. Plaintiffs filed complaints with the State Bar, and the State Bar ruled in the plaintiff's favor. The State Bar suspended defendant, Al Amer as he confessed that he did in fact neglect plaintiffs, and their case.

35. When the plaintiff, Shirley McIntire Davis filed to the State Bar to be compensated for her money that she gave the defendant Al Amer, she was informed by the State Bar that she could not get her money from the Security Fund due to the fact that she had no case as far as their guidelines on whom they compensated for the comminglings, and wrong doings of atorneys.

36. After defendant, Al Amer sabotaged plaintiff's case,

plaintiff, Shirley McIntire Davis hired another attorney for her husbands case which cost her $15,000. The new attorney who included the statements from the two witnesses that defendant, Al Amer left out of his writ of habeas corpus, filed an appeal to the California Court of Appeals. This Appeal was denied in 2015.

37. Plaintiff, Doyle Davis filed a writ of habeas corpus for review of his claims of actual innocence to the California Supreme Court. This writ was denied on 4-15-2015..

38. On April 27, 2016 The United States Court of Appeals For The Ninth Circuit denied plaintiff, Doyle Davis's application for authorization to file a second or successive habeas corpus petition.

## CLAIMS FOR RELIEF

39. Plaintiffs, Shirley McIntire Davis, and Doyle Davis allege that the conduct of the afforementioned defendants clearly establish federal statutory and constitutional violations of rights of which a reasonable person would have or should have known.

40. The Cochran Law Firm is liable in this law suit do to the fact that they failed to promulgate policies to guide their subordinates conduct, and this misconduct by their employee, defendant, Al Amer is tantamount to sabotage. His actions in turn subjects the Cochran Law Firm to personal involvement.

41. The Shouse Law Group's personal involvement is apparent as they allowed their employee, defendant, Al Amer to use their Group's name, and their status by stating to plaintiff, Shirley McIntire Davis "You are being represented by The Shouse Law Group of Orange County, and we aim to please. We will be filing the writ of habeas corpus for

your husband, and handling his actual innocence claim." And if they didn't allow the defendant to use their name, and their law group under the guise of the Shouse Law Group representing plaintiff, Doyle Davis, then this is fraud by their employee.

42. The Shouse Law Group is liable because Al Amer failed to promulgate their policies, especially when misconduct to clients occurs, and this ultimately subjects the Shouse Law Group to personal involvement.

43. It took two years for the defendant, attorney, Al Amer to start plaintiff's case. From the plaintff, Shirley McIntire Davis's initial contact in 2009 where she met this attorney at the Cochran Law Firm, and paid him $9,500 to 2011 when all of the information, and witnesses had given their statements. The length of the investigation into this matter is nothing compared to the time it took the defendant to file plaintiff, Doyle Davis's writ of habeas corpus. The date of filing was April of 2013. This was more than 18 Months after all of the information was accumulated, documented, and ready to present.

44. This is obviously ineffective assistance of counsel, and the defendant did not stop there. He sabotaged plaintiff's cause, and admits to the State Bar that he did so.

45. Damages to plaintiff, Doyle Davis, and his wife could have been avoided if the defendant, Al Amer would have filed a timely writ of habeas corpus, included statements from the two witnesses who corroborated the new evidence that the actual perpetrator provided, which was a signed confession, and cooperated with plaintiffs, and the Superior Court.

46. Extensive monetary damages were incurred to plaintiffs when

they had to pay $15,000 for another attorney who tried to clean up the mess that defendant, Al Amer made of Doyle Davis's case.

**RELIEF REQUESTED**

47. Plaintiffs requests declaratory judgment that the defendants' action complained of herein violated plaintiff's rights under the U.S. Constitution and as otherwise alleged herein.

48. Award plaintiff monetary, and compensatory damages in an amount of $27,350.

49. Award plaintiffs punitive damages in the amount of $150,000 because of the frustration, stress, anxiety, and the irreparable damages to plaintiff, Doyle Davis's case that will probably cost him prison for the rest of his life. Also, the costs of suit and reasonable attorney's fees.

50. Grant plaintiff any and all other relief the Court deems just and proper.

**VERIFICATION**

I swear under the penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

[signature]

DATED: 5-18-2017

Doyle Darnell Davis
In pro per

RECEIVED APR - 9 2013 REC'D By C.D.

SHOUSE Law Group
Al. F. Amer (State Bar #197745)
4000 MacArthur Blvd., Suite 900
Newport Beach, CA 92660
Tel. (714) 321-3284 (714) 290 0524
Fax (310) 356-3585

*Attorney for Petitioner, Doyle Darnell Davis.*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

In the Matter of

DOYLE DARNELL DAVIS,

On Habeas Corpus

Superior Court Case No. SA038850

**PETITION FOR WRIT OF HABEAS CORPUS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner, DOYLE DAVIS, by and through his attorney, AL F. AMER, respectfully petitions this court for a writ of habeas corpus, and by this verified petition sets forth the following facts and causes for the issuance of said writ:

I

Petitioner is unlawfully restrained of his liberty and is currently incarcerated by Warden Domingo Uribe, Jr. at the Centinela California State Prison at 2302 Brown Road, West Imperial, California 92274.

II

Petitioner is imprisoned pursuant to the judgment of conviction and sentencing order rendered on May 15, 2001, by the Los Angeles County Superior Court, in case number SA038850. The judgment was rendered after a jury trial on petitioner's plea of not guilty.

III

# PROOF OF SERVICE BY MAIL

## BY PRISONER "IN PRO PER"

I hereby certify that I am over the age of 18 years of age, that I am representing myself, and that I am a prison inmate.

My prison address is: Doyle D. Davis/D-87335
California State Prison - Solano
Housing: C14-22-1L
P.O. Box 4000
Vacaville, California 95696-4000

On the "*date*" specified below, I served the following document(s) on the parties listed below by delivering them in an envelope to prison authorities for deposit in the United States Mail pursuant to the "Prison Mailbox Rule":

**Case Name:** Davis v. Bryant Dunn, Al Amer, Neil Shouse **Case #:** ____________

**Document(s) Served:** 1983

The envelope(s), with postage fully pre-paid or with a prison Trust Account Withdrawal Form attached pursuant to prison regulations, was/were addressed as follows:

Central District of California
312 N. Spring Street #G-8
Los Angeles, CA 90012

I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed on 5-18-2018, in Vacaville, California.
"*date*"

Signature: [signature]

Printed Name: Doyle D. Davis

Doyle D. Davis/ D-87335
CSP-Solano Level II
P.O. Box #4000/C14-22-1L
Vacaville, CA 95696

California State Prison-Solano

CSP SOLANO
STATE PRISON

US POSTAGE PITNEY BOWES
ZIP 95687 $ 002.68[0]
02 1W
0001394526 MAY 21 2018

RECEIVED
CLERK, U.S. DISTRICT COURT
MAY 24 2018

**LEGAL MAIL**

Central District of California
312 N. Spring Street #6-8
Los Angeles, CA 90012

(Legal Mail)

CC I R. Hagusa 05/17/18